**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Yordt, | No. CV-17-08168-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Show Low Police Department, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case be denied. (Doc. 26). Petitioner objected to the R&R. (Doc. 27). Respondents replied to the objection. (Doc. 28). Although the rules do not permit it, Petitioner objected to Respondents' reply. (Doc. 29). Because Respondents submitted new evidence with the reply, the Court will consider Petitioner's additional objection. (Doc. 29).

**I. Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

**II.  Statute of Limitations**

As the R&R explains, the Petition in this case was subject to a one-year statute of limitations and was not timely filed. (Doc. 26 at 5-7). In his objections, Petitioner does not dispute this conclusion. However, he suggests he should receive the benefit of equitable tolling of the statute of limitations because the prison law library did not contain the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") so that he could research and comply with the statute of limitations. (Doc. 27 at 2).

Respondent replies to this objection and makes two arguments. First, Respondent provides a copy of the legal materials available in the law library. (Doc. 28-1 at 1-12). Included in these materials is 28 U.S.C. § 2254, which is the legal standard governing state habeas petitions. Thus, Petitioner did have access to at least part of the AEDPA. However, nothing on the face of this list proves that Petitioner had access to 28 U.S.C. § 2244, which contains the statute of limitations.[1]

Second, Respondents argue that in Petitioner's original filing in this case, captioned as a motion to stay, Petitioner acknowledged the AEDPA's one-year statute of limitations. (Doc. 1 at 1-2 ("But by that time my 1 year will be up that allows me to present my petition to the Federal Courts. … I just don't have enough time to get everything done before my

---

[1] It is also possible that any of "Post-Conviction Remedies (Means)", "Federal Petition for Wit [*sic*] of Habeas Corpus by a Person in State Custody Forms Packet" or "Federal Civil Judicial Procedure and Rules" would contain this statute of limitations. (*See* Doc. 28-1 at 7-8). However, again on the face of this list, Respondents have not proven that 28 U.S.C. § 2244 (or a resource summarizing it) was available. Because the Court has not accepted this list as proving Petitioner had access to the AEDPA's statute of limitations, the Court has not addressed each of Petitioner's objections to the list. (Doc. 29).

1-year will be up.")). This motion to stay was filed August 22, 2017, a month before the statue of limitations expired on September 23, 2017. (*See* Doc. 26 at 7). Thus, Petitioner was aware of the statute of limitations and had the opportunity to file within the statute of limitations but did not. Accordingly, Petitioner's claimed lack of access to legal resources is not a basis to equitably toll the statute of limitations because Petitioner had actual knowledge of the statute of limitations. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir. 2000) (remanding for an evidentiary hearing when Petitioner expressly stated that he had no knowledge of the AEDPA's statute of limitations); *Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (same).

Thus, Petitioner's Petition is barred by the statute of limitations. (Doc. 26 at 5-8). As a result, the Petition in this case will be dismissed as untimely.

**III.    Exhaustion and Procedural Default**

Alternatively, the R&R recommends that this Court find that even if the Petition in this case was timely, Petitioner is not entitled to relief. (Doc. 26 at 8-18). Petitioner does not object to this alternative recommendation. Accordingly, the Court hereby accepts and adopts it. *See Reyna-Tapia*, 328 F.3d 1114 at 1121.

**IV.    Conclusion**

The Petition in this case is dismissed because it is barred by the statute of limitations. Alternatively, even if the Petition were timely, it is dismissed because the claims in the Petition are procedurally defaulted without excuse. Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 26) is accepted; the objections are overruled; the Petition in this case is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on two plain procedural bars and jurists of reason would not find this Court's procedural rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of June, 2019.

James A. Teilborg
Senior United States District Judge